## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MANUAL JIMINEZ, JOSE FRANCISCO JIMINEZ, LUIS JIMINEZ, on behalf of themselves and all other plaintiffs known and unknown, | ) ) ) ) ) | No. 08 CV |
| Plaintiffs | ) ) ) | Honorable Judge |
| v. | ) ) | Magistrate Judge |
| MIDLOTHIAN HOG WILD , INC., AND STEVEN PIKORZ, INDIVIDUALLY | ) ) ) ) | |
| Defendants | ) | |

**FILED: JULY 9, 2008**
**08CV3915**
**JUDGE LINDBERG**
**MAGISTRATE JUDGE COLE**
**AEE**

### *JURY DEMAND*

### COMPLAINT

NOW COME Plaintiffs, JUAN MANUAL JIMINEZ, JOSE FRANCISCO JIMINEZ, AND LUIS JIMINEZ, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorney, JOHN W. BILLHORN, and for their Complaint against Defendants, MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY, states as follows:

### I.   NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq*.

### II.   JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of

Illinois in that Plaintiffs are residents of this district and Defendants are engaged in business in this district.

## III.   PARTIES

3. Defendants, **MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY (**hereinafter referred to as "Defendants") are engaged in the business of providing food and beverage services.  As such, each Defendant qualifies as an employer as defined by the FLSA.   During all relevant times, all Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs as well as the proposed class of employees and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein.

4. Plaintiffs, **JUAN MANUAL JIMINEZ, JOSE FRANCISCO JIMINEZ, AND LUIS JIMINEZ,** (hereinafter "the named Plaintiffs") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") perform duties for the restaurant providing food and beverage services as hourly laborers.   As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all Plaintiffs similarly situated were also engaged in commerce as defined by the FLSA.


## IV.   CLASS ALLEGATIONS

**Fair Labor Standards Act**

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*  Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.   Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.  Plaintiffs seek to send Notice to all similarly situated hourly employees who have been denied proper over time compensation, as required by 29 USC Section 201 *et. seq.,* and supporting case law.

**Illinois Minimum Wage Law**

6.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**Illinois Wage Payment and Collection Act**

7.  Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. The named Plaintiffs and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

9.  The named Plaintiffs, and all similarly situated members of the Plaintiff Class, were compensated as hourly employees for purposes of payroll compensation but denied overtime compensation for work performed over 40 hours per work week, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 9 of this Count I.

10. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

11. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, at the rate of one and one-half times his regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)    awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c)    awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-9  Paragraphs 1 through 9 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count II.

10. Defendants have, both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

11. Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

12. Pursuant to the Fair Labor Standards Act, Plaintiffs, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)     awarding Plaintiffs' reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count III.

10. In denying the named Plaintiffs and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

11. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a)    awarding liquidated damages equal to the amount of all unpaid compensation;

(b)    awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count IV.

10.    The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

11.    Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs request this Court to enter an Order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

Plaintiffs further request that:

(c)    this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)    this Court order Defendants to pay to Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-9.    Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count V.

10.  The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .".  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".  As part of the employment agreement between the parties herein, Defendants agreed they would pay compensation in compliance with state and federal regulations and law.

11.  The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".  Plaintiffs herein, and other absent Plaintiffs who may join in the future, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

12.  The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  Plaintiffs herein, and other absent Plaintiffs who may join in the future, have been denied payment of rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

13.  Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiffs, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiffs request this Court to enter an Order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois  Wage Payment and Collection Act;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)    this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedies the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

Plaintiffs further request that:

(d)     this Court order Defendants to pay Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 7/9/2008*

*s/ John W. Billhorn*

_____
John W. Billhorn, attorney for
Plaintiffs, and all other Plaintiffs similarly
situated, known or unknown.

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

$\mathcal{B}$ILLHORN

$\mathcal{L}$AW

$\mathcal{F}$IRM

## CONSENT TO BE PARTY
## PLAINTIFF

This agreement, entered into on this **28th** day of March, 2008, between JUAN MANUEL JIMENEZ (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY, and by the signature below, JUAN MANUEL JIMENEZ, hereby consents to be a party Plaintiff in said law suit.

_____
CLIENT'S SIGNATURE

## CONSENTIMIENTO PARA
## SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia **28th de** March, del 2008, entre JUAN MANUEL JIMENEZ (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY. Yo el abajo firmante, JUAN MANUEL JIMENEZ, Por medio de la presente doy mi consentimiento para ser parte de la demanda.

*Juan Manuel Jimenez*
FIRMA DEL CLIENTE

𝕭ILLHORN
𝓛AW
𝓕IRM

## CONSENT TO BE PARTY
## PLAINTIFF

This agreement, entered into on this **28th** day of March, 2008, between JOSE

FRANCISCO JIMENEZ (Client) and John W. Billhorn, (Attorney), hereby authorizes and

engages the Billhorn Law Firm to pursue back wages and other relief against MIDLOTHIAN

HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY, and by the signature below, JOSE

FRANCISCO JIMENEZ, hereby consents to be a party Plaintiff in said law suit.

_____

CLIENT'S SIGNATURE

## CONSENTIMIENTO PARA
## SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia **28th de** March, del 2008, entre JOSE FRANCISCO

JIMENEZ (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y

comprometo a Billhorn Law Firm de proseguir los sueldos atrasados y otros derechos en

contra de MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY. Yo el

abajo firmante, JOSE FRANCISCO JIMENEZ, Por medio de la presente doy mi consentimiento

para ser parte de la demanda.

_Jose F. Jimenez_

FIRMA DEL CLIENTE

$\mathcal{B}$ILLHORN
$\mathcal{L}$AW
$\mathcal{F}$IRM

## CONSENT TO BE PARTY
## PLAINTIFF

This agreement, entered into on this **28th** day of March, 2008, between **LUIS JIMENEZ** (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against **MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY,** and by the signature below, **LUIS JIMENEZ,** hereby consents to be a party Plaintiff in said law suit.

_____
CLIENT'S SIGNATURE

## CONSENTIMIENTO PARA
## SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia **28th de** March, del 2008, entre **LUIS JIMENEZ** (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de **MIDLOTHIAN HOG WILD, INC., AND STEVEN PIKORZ, INDIVIDUALLY.**     Yo el abajo firmante, **LUIS JIMENEZ,** Por medio de la presente doy mi consentimiento para ser parte de la demanda.

*Luis D. Jimenez*
FIRMA DEL CLIENTE